918 F.2d 225
 287 U.S.App.D.C. 19
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Sylvester BRELAND, Appellant.
UNITED STATES of America, Appellee,
v.
Edward J. HEYWARD, Appellant.
 Nos. 89-3157, 89-3159.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 20, 1990.
 
 Before HARRY T. EDWARDS, RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties and arguments by counsel. After full review of the case, the court is satisfied that appropriate disposition of the appeal does not warrant an opinion. See D.C.Cir. Rule 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment of the District Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 Appellants Sylvester Breland and Edward Heyward were arrested in a basement storage room in a Washington, D.C., apartment building, where police officers found them in possession of weapons and a large quantity of cocaine. Before trial, Breland and Heyward moved to suppress the evidence that the police had found in the storage room; the District Court denied the motions to suppress on the grounds that the appellants had no reasonable expectation of privacy in the storage room; in the alternative, the trial court found that the appellants had given implied consent to police entry. The appellants then entered conditional guilty pleas to one count each of possession with intent to distribute less than five grams of cocaine base, 21 U.S.C. Secs. 841(a) & (b)(1)(C) (1988), and one count each of using or carrying a firearm in the commission of a drug-trafficking offense, 18 U.S.C. Sec. 924(c) (1988). They appeal their convictions based solely upon the trial judge's denial of their suppression motions. We affirm because, on the record before us, the appellants failed to show a reasonable expectation of privacy in the room in which they were arrested.
 
 
 5
 "[S]ince Fourth Amendment rights are personal rights, the exclusionary rule will protect only those parties whose 'reasonable expectations of privacy' have been violated." United States v. Robinson, 698 F.2d 448, 454 (D.C.Cir.1983) (per curiam) (emphasis in original). As the Supreme Court has emphasized time and again, a party asserting a Fourth Amendment right against a police entry or search must have an expectation of privacy in the place searched and that expectation must be "one that society is prepared to recognize as 'reasonable.' " Minnesota v. Olson, 110 S.Ct. 1684, 1687 (1990). Moreover, in asserting a Fourth Amendment claim, the burden rests on the defendant to establish evidence sufficient to show his "reasonable expectation of privacy." See Rakas v. Illinois, 439 U.S. 128, 131 n. 1 (1978).
 
 
 6
 In this case, the trial judge found that the appellants did not carry their burden. The appellants failed to show any possessory interest in the storage room, and they had no legal right to exclude others from the room. Furthermore, the appellants did not produce evidence sufficient to show that they were legitimately on the premises at the time of the arrest. The appellants, for all intents and purposes, stood in the position of trespassers at the time of the police entry. They were on private property without title, lease or invitation of the owner or tenant. Being wrongfully on the premises, they could not contest the police entry. See Rakas, 439 U.S. at 141 n. 9 & 143 n. 12; Jones v. United States, 362 U.S. 257, 267 (1960). Therefore, the District Court correctly denied the appellants' motions to suppress evidence gathered in the search that followed.
 
 
 7
 Having affirmed the appellants' convictions because of their failure to show a reasonable expectation of privacy in the premises, we need not consider the District Court's alternative--and highly questionable--holding that the appellants impliedly consented to police entry.